HARVEY A. BYNUM, APPELLANT, *v.* GEORGE W. FRISBY, RESPONDENT.

No. 3800

November 15, 1954.  276 P.2d 487.

*Dotson & Earl, R. Dale Cook,* and *George E. Marshall,* all of Las Vegas, Attorneys for Appellant.

*G. William Coulthard* and *Alvin N. Wartman,* Las Vegas, Attorneys for Respondent.

## OPINION

By the Court, EATHER, C. J.:

This is an appeal from summary judgment entered in favor of respondent, as defendant below. The action is one for an accounting brought by appellant pursuant to terms of the following agreement:

"AGREEMENT

"THIS AGREEMENT made and entered into as of the 1st day of April, 1946, by and between GEORGE W. FRISBY and DAVE ANDERSON, co-partners doing business under the name of 'Club Kit Carson', Parties of the First Part, and HARVEY A. BYNUM, Party of the Second Part,

"WITNESSETH:
"RECITALS:

"The Parties of the First Part have a lease dated November ........., 1945, from NATE MACK and wife, and JAMES S. FULCHER and wife, covering on a portion of the Northwest Quarter of Section 16, Township 21, S., Range 61 E., M.D.B.&M., in the County of Clark, State of Nevada, upon which leased parcel of land they have constructed a club building consisting of bar room, casino and dining hall, known as 'Club Kit Carson'.

"The Party of the Second Part has rendered services to the Parties of the First Part and is to be compensated therefor.

"The Parties of the First Part have contributed to their co-partnership as capital therefor, the sum of Sixty-Two Thousand Five Hundred ($62,500.00) Dollars.

"The Parties of the First Part desire to assign to the Party of the Second Part a twenty percent (20%) interest in said co-partnership, upon the terms and conditions hereinafter stated, to-wit:

"NOW, THEREFORE IT IS AGREED BETWEEN THE PARTIES HERETO, as follows:

"1. The Parties of the First Part do hereby sell,

assign, transfer and set over to the Party of the Second Part, a twenty (20%) percent interest of, in and to that certain co-partnership existing between the Parties of the First Part and known as and called 'Club Kit Carson'.

"2. It is understood and agreed between the parties hereto that the Party of the Second Part is not a partner with the Parties of the First Part in said 'Club Kit Carson', nor shall said Second Party be permitted to interfere in the management or administration of the partnership business and affairs or to acquire any information or account of partnership transactions, or to inspect the partnership books, but shall be entitled to receive, in accordance with this contract, twenty per cent (20%) of the profits to which the Parties of the First Part would otherwise be entitled, and in case of a dissolution of said partnership, the Party of the Second Part shall be entitled to receive from the Parties of the First Part said twenty percent (20%) interest, and may require an account from the date of the last account agreed to between the Parties of the First Part.

"3. It is understood and agreed that before there shall be any division of profits between the Parties of the First Part and the Party of the Second Part, the said Parties of the First Part shall be entitled to deduct and retain the said sum of $62,500.00 so advanced by them as aforesaid, and said sum shall be considered as a loan from the said First Parties to the partnership, but that after said First Parties shall have received from said partnership said sum of $62,500.00, then all profits from the partnership shall be divided, twenty percent (20%) to the Party of the Second Part, and eighty percent (80%) to the Parties of the First Part.

"4. The Parties of the First Part have this day paid to the Party of the Second Part the sum of Two Thousand Dollars ($2,000.00) which shall be considered as an advance on said share of the profits, and the Parties of the First Part shall in any settlement hereafter made with said Second Party, be entitled to a credit of $2,000.00.

"5. It is understood and agreed that all other agreements between the parties hereto are terminated and cancelled as of the date of this agreement.

"IN WITNESS WHEREOF, the parties hereto have hereunto set their hands as of the day and year first above written.

> " (Signed)   DAVE ANDERSON
> "GEORGE W. FRISBY
> "Parties of the First Part.
> "HARVEY A. BYNUM,
> "Party of the Second Part."

It appears that the partnership of respondent and Anderson (parties to the above agreement) has been terminated and that respondent has acquired all assets formerly held by the partnership.

After commencement of the action respondent furnished an accounting to appellant and the trial court allowed appellant time within which to file objections thereto. The following objections were made: (1) That depreciation charged was in fact return of capital. (2) That no showing was made as to receipts by the partnership from sale of partnership assets. (3) That no certification of the account was furnished, nor was there any indication that it was made from the original records.

These objections were made the subject of a hearing before the trial court, and following hearing were overruled. Upon motion of respondent the court then granted summary judgment in his favor.

In so acting we feel the court erred. The correctness of the accounting remained an issue of fact. In granting summary judgment the trial court must in effect have determined the accounting to be true and correct. This was, then, a determination of fact upon an issue which the appellant was entitled to have tried. It was not such a determination as properly could be made upon summary judgment. Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492.

One of appellant's principal contentions upon this

appeal is that no accounting was made with respect to the assets of the partnership. Thus the sufficiency of the accounting is the very issue upon which the matter comes to us upon appeal.

In the case at bar, appellant has shown that there is an issue to be tried. That it may be tried, the judgment is reversed, appellant to have his costs on appeal.

MERRILL and BADT, JJ., concur.