HARVEY A. BYNUM, Appellant, *v.* GEORGE W. FRISBY, Respondent.

No. 3967

May 22, 1957                     311 P.2d 972

146

*Roy Earl, Edwin J. Dotson,* and *George E. Marshall,*
all of Las Vegas, for Appellant.

*G. William Coulthard,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an appeal taken by the plaintiff below from
judgment rendered in favor of defendant. The action

essentially is for an accounting of partnership profits. The principal question involved is whether a constructive trust should be imposed upon proceeds of a transaction to which the partners in a corporate capacity were parties.

In 1945 respondent Frisby and one Dave Anderson, as partners doing business under the name of Club Kit Carson, took a ten-year lease on premises in Clark County, Nevada, and constructed a building to house a casino and dining hall. In 1946 the partnership entered into a written agreement with appellant Bynum which recited the existence of the partnership and of the lease held by it and that Bynum had rendered services for which he was entitled to compensation. The agreement constituted an assignment to Bynum of a "twenty per cent interest of, in and to that certain co-partnership * * * known as and called 'Club Kit Carson'." It further provided, "It is understood and agreed between the parties hereto that the Party of the Second Part is not a partner with the Parties of the First Part in said 'Club Kit Carson', nor shall said Second Party be permitted to interfere in the management or administration of the partnership business and affairs or to acquire any information or account of partnership transactions, or to inspect the partnership books, but shall be entitled to receive, in accordance with this contract, twenty percent (20%) of the profits to which the Parties of the First Part would otherwise be entitled, and in case of a dissolution of said partnership, the Party of the Second Part shall be entitled to receive from the Parties of the First Part said twenty percent (20%) interest, and may require an account from the date of the last account agreed to between the Parties of the First Part."

In 1949 Anderson and Frisby with two others formed a corporation known as Anderson & Frisby, Inc., which secured rights to purchase of the land leased by the partnership together with a considerably larger piece of land surrounding the leased premises. Bynum was given no notice of this action by Anderson and Frisby. Later that year, November 30, 1949, Frisby bought Anderson's interest in both corporation and partnership, and it is

agreed that dissolution of the partnership thereby resulted. Subsequently the land held by the corporation was sold at a substantial profit. Included in the sale was the Club Kit Carson leasehold.

This action was brought by Bynum in 1954 asking a declaration of his rights under his agreement with the partnership and an accounting to establish the extent of his 20-percent interest. Summary judgment in favor of Frisby was granted by the trial court, from which an appeal was taken to this court. We remanded the case for trial. Bynum v. Frisby, 70 Nev. 535, 276 P.2d 487. Following trial judgment in favor of Frisby was rendered and this appeal has been taken by Bynum.

The trial court ruled that the accounting made by Frisby demonstrated that no profits had been realized by the partnership and that nothing was due to Bynum upon his agreement. Bynum contends that the accounting was insufficient in that no accounting was given as to the extent of partnership assets held at the time of dissolution. The record demonstrates that the partnership, at the least, had as assets certain fixtures in the casino building and a lease upon the premises which had some five to six years to run. Bynum was not permitted to inquire as to the value of the leasehold.

Frisby contends that under his agreement Bynum did not receive any interest in the partnership assets; that his interest was confined to a 20-percent share of the profits of the partnership. Frisby's construction of the word "profits" is that it is limited to such profits as may have been realized by the partnership as a going concern and cannot include any profit or surplus realized from disposition of partnership assets.

This construction is not warranted by the language of the agreement. Bynum was assigned a 20-percent interest in the partnership which would entitle him to share in all rights which the partnership possessed.

We conclude that under his agreement Bynum was entitled to an accounting of partnership assets existing at the time of dissolution or disposed of prior thereto and subsequent to the date of his assignment. The value

or realization price of such assets must be taken into consideration in determining whether a surplus existed at the time of dissolution in which he was entitled to share, and the extent of any such surplus.

Bynum also contends that among the partnership assets in which he is entitled to share was an equitable interest in the Frisby and Anderson corporate holdings arising by virtue of constructive trust. He contends that a fiduciary relationship existed between himself and the partners which required that they notify him of their corporation's plan to purchase the leased premises and surrounding land and permit him to participate; that because of their failure so to act they held their interests in the land as constructive trustees. Bynum relies upon Meinhard v. Salmon, 249 N.Y. 458, 164 NE 545, 62 A.L.R. 1, and cases which have followed that leading decision. That case dealt with a coadventure. There can be no question of the rule in such cases or where a partnership or agency relationship exists or that of corporate shareholder and officer. In such cases the fiduciary duty is clear. It is not so here. Bynum was expressly declared not to be a partner. He was a simple assignee.

NRS 87.270 deals with the assignment of a partner's interest. It provides: "1. A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.

"2. In case of a dissolution of the partnership, the assignee is entitled to receive his assignor's interest and may require an account from the date only of the last account agreed to by all the partners."

It is clear from this provision that an assignment of a partnership interest from one partner to a stranger

does not bring that stranger into fiduciary relationship with the remaining partners nor require them to resort to dissolution in order to prevent such a relationship from arising. The stranger remains a stranger entitled only to share in the partnership's worth and to demand an accounting upon dissolution.

The agreement upon which Bynum relies, as we have quoted it, is substantially in the same language as the quoted statutory provision. While Bynum as the partial assignee of the active partners themselves was hardly in the position of an unwelcome stranger, it is clear that the partners intended that he be as completely excluded from partnership affairs as though he were. He had no right to participate in partnership affairs nor any right to expect that he be permitted to participate in any related matters in which the partners might engage outside of their partnership entity.

We conclude that no constructive trust of corporate holdings existed in favor of the partnership or of Bynum as assignee; that Frisby's accounting of partnership assets need not include such interests.

Reversed and remanded for further accounting as to partnership assets in accordance with this opinion and for new trial in connection with such accounting.

BADT, C. J., and EATHER, J., concur.